# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Erik Mercado Arechiga,

    Petitioner

v.

Gregory J. Archambeault, et al.,

    Respondents

Case No.: 2:23-cv-00600-CDS-VCF

**Order Deferring Ruling on Verified Petition for Permission to Practice Pro Hac Vice**

[ECF No. 9]

After this civil-rights petition for a writ of habeas corpus was transferred from the Southern District of California (ECF No. 7), counsel filed a verified petition to practice pro hac vice and a designation of local counsel on behalf of petitioner Erik Mercado Arechiga. ECF No. 9. For the reasons described herein, I defer ruling on the verified petition.

**I.  The petition does not comply with the local rules.**

Under this district's local rules, a pro hac vice petition must include a "certification issued within six months before the date of filing of the verified petition [showing] that the applicant's membership is in good standing from the state bar or from the clerk of court of the supreme court or highest admitting court of every state, territory, or insular possession of the United States in which the applicant has been admitted to practice law." LR IA 11-2(b)(3). While counsel provided certificates of good standing from California, the Ninth Circuit Court of Appeals, and Florida, the petitioner indicates that certificates of good standing from Iowa and the U.S. District Court for the District of New Mexico were "requested, but not yet received." ECF No. 9 at 6. But proof of admission to practice in federal courts is not necessary. However, if counsel is admitted to practice in the states of Iowa and New Mexico, then good-standing certificates from those states are required. Counsel must re-file an amended petition including the missing certificates as noted above.

II.     **The petition fails to include the consent of designee Melissa Corral.**

The verified petition indicates that petitioner Arechiga appoints Michael Kagan and Melissa Corral as his designated resident Nevada counsel in this case (ECF No. 9 at 4, 5), but it fails to provide Corral's signed consent of designee. All local counsel listed on the petition must sign the consent of designee and provide their bar number and email address.

III.    **The petition was filed under seal, but no motion seeking leave to seal the document accompanied it.**

Local Rule 10-5(a) requires that "[u]nless otherwise permitted by statute, rule, or prior court order, papers filed with the court under seal must be accompanied by a motion for leave to file those documents under seal." LR IA 10-5. "[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). There is a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Accordingly, "[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "Under this stringent standard, a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016) (quoting *Kamakana*, 447 F.3d at 1179). Ultimately, filings that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety*, 809 F.3d at 1101–02. Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. However, after a cursory review of the petition there appears to be no compelling reason, or even the lower standard of good cause, to file the document under seal. If compelling reasons do exist for filing the petition under seal, counsel is advised to follow the local rules and submit the requisite motion seeking leave to file the amended petition under seal.

If not, counsel must file the amended petition not under seal.

Once all of the aforementioned issues are addressed, an amended petition must be re-filed using the "Notice of Corrected Image/Document" event to link it to the existing filing (ECF No. 9).

### III. Conclusion

IT IS THEREFORE ORDERED that the ruling on the application for permission to practice pro hac vice by Niels W. Frenzen and designation of local counsel Michael Kagan and Melissa Corral **[ECF No. 9] is DEFERRED**. Failure to amend the filing by June 16, 2023, will result in denial of the petition.

DATED: May 22, 2023

_____
Cristina D. Silva
United States District Judge

3